**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**WILLIAM HODGES,**

                    **Plaintiff,**                    9:10-cv-531
                                                                            (GLS/GHL)
           **v.**

**WRIGHT et al.,**

                    **Defendants**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:**<br>William Hodges<br>Pro Se<br>06-A-2600<br>Great Meadow Corr. Facility<br>Box 51<br>Comstock, NY 12821 | |
| **FOR THE DEFENDANTS**<br>HON. ERIC T. SCHNEIDERMAN<br>New York State Attorney General<br>Albany Office<br>The Capitol<br>Albany, NY 12224 | ADRIENNE J. KERWIN<br>Assistant Attorney General |

**Gary L. Sharpe
District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Willaim Hodges brings this action under 42 U.S.C. § 1983, alleging his constitutional rights were violated by defendants. (*See* Am. Compl., Dkt. No. 19.) In a Report-Recommendation and Order (R&R) filed September 29, 2011, Magistrate Judge George H. Lowe recommended that plaintiff's Amended Complaint be dismissed.[1] (*See generally* R&R, Dkt. No. 30.) Pending are Hodges's objections to the R&R. (*See* Dkt. No. 33.) For the reasons that follow, the R&R is adopted in its entirety.

## II. Standard of Review

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

2

recommendations of the magistrate judge for clear error.  *See id.*

### III. <u>Discussion</u>

Although docketed as an objection, Hodges fails to raise any errors in the R&R.  (*See generally* Dkt. No. 33.)  In fact, he states: "Plaintiff respects the decision and recommendations of the court and agrees to amending his claims."  (*Id.* at 2.)  However, preceding this concession, Hodges renews his argument that Dr. DeAzevedo improperly treated his condition.  (*Id.* at 1-2.)   Because his assertions, even construed liberally, fail to state objections to the R&R, a *de novo* review is unnecessary.[2]

In adopting Judge Lowe's recommendation, the court further cautions Hodges that, if he elects to file a Second Amended Complaint, it must be consistent with the R&R.  The Second Amended Complaint must be filed within thirty (30) days of the date of this order and strictly comply with the requirements of, *inter alia*, N.D.N.Y. L.R. 7.1(a)(4) and Fed. R. Civ. P. 11(b).  If plaintiff elects to file an amended complaint, defendants shall have fourteen (14) days to file the appropriate response, and/or renew their motion to dismiss.

---

[2]  Notably, the facts alleged in the "objection" deal with Dr. DeAzevedo's alleged mistreatment of Hodges condition.  While these facts may be germane to a medical malpractice claim, they are irrelevant in a section 1983 action.  (*See* R&R at 8.)

3

## IV. Conclusion

Having found no clear error in the R&R, the court accepts and adopts Judge Lowe's R&R in its entirety.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge George H. Lowe's September 29, 2011 Report-Recommendation and Order (Dkt. No. 30) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion to dismiss (Dkt. No. 22) is **GRANTED**; and it is further

**ORDERED** that all of plaintiff's claims are **DISMISSED** with leave to amend, except the New York Public Health Law claim, which is **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that Hodges may—in accordance with the requirements of N.D.N.Y. L.R. 7.1(a)(4)—file a Second Amended Complaint, if he can, in good faith, allege sufficient facts to cure the deficiencies articulated in Judge Lowe's R&R, within thirty (30) days of this order; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties by mail and certified mail.

**IT IS SO ORDERED.**

November 15, 2011
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge