**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**WILLIAM HODGES,**

              **Plaintiff,**              **9:10-cv-531
                                                               (GLS/TWD)**

           **v.**

**JILL NORTHRUP,**

              **Defendant.**
_____
**APPEARANCES:**                    **OF COUNSEL:**

**FOR THE PLAINTIFF:**
William Hodges
Pro Se
06-A-2600
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

**FOR THE DEFENDANT:**
HON. ERIC T. SCHNEIDERMAN     ADRIENNE J. KERWIN
New York Attorney General            Assistant Attorney General
State of New York
The Capitol
Albany, NY 12224

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

All that remains of plaintiff *pro se* William Hodges' second amended

complaint is a claim pursuant to 42 U.S.C. § 1983 against defendant Jill Northrup, alleging that she denied him adequate medical care in violation of the Eighth Amendment.  (2d Am. Compl. ¶¶ 27-30, Dkt. No. 37; Dkt. No. 43 at 8-9.)  Pending before the court is Northrup's motion for summary judgment, (Dkt. No. 57), and Hodges' letter motion requesting "that this court take jurisdiction over" an apparently related action involving Hodges before the New York State Court of Claims, (Dkt. No. 62).  In a Report-Recommendation and Order (R&R) filed April 24, 2013, Magistrate Judge Thérèse Wiley Dancks recommended that Northrup's motion for summary judgment be granted.  (Dkt. No. 64.)  For the reasons that follow, the R&R is adopted in its entirety, and Hodges' letter motion is denied as moot.

## II. Background

Hodges, who was a prisoner at Elmira Correctional Facility during the relevant time period, injured his knee while there on August 16, 2008. (Def.'s Statement of Material Facts (SMF) ¶¶ 1, 5, Dkt. No. 57, Attach. 4; Dkt. No. 57, Attach. 2 at 16-17.)  Two days following some initial treatment for Hodges' knee injury, which included the provision of ibuprofen, Northrup, a nurse practitioner at Elmira, ordered an x-ray, and Hodges was given crutches and an Ace bandage.  (Dkt. No. 57, Attach. 2 at 23, 29; Dkt.

No. 57, Attach. 3 ¶ 1; Def.'s SMF ¶¶ 1-2.) A progress note recorded another two days after that reflects that Hodges was authorized to take ibuprofen or Tylenol, and he was aware that it was available to him on a later date when he complained of pain. (Dkt. No. 57, Attach. 2 at 44; Dkt. No. 58, Attach. 2.) The x-ray ordered by Northrup "revealed mild degenerative changes in the medial compartment of the knee, with no fracture, dislocation or joint effusion. It also showed small areas of tendon calcification with no other abnormality seen. [Hodges'] x-ray did not show a tendon rupture."[1] (Dkt. No. 57, Attach. 3 ¶ 6.) Northrup did not personally examine Hodges' knee, (Dkt. No. 57, Attach. 2 at 29, 33-40), and he was transferred out of Elmira—and had no further contact with Northrup—on September 11, 2008, (Def.'s SMF ¶ 5). It was later determined that Hodges had sustained a torn patellar tendon in his knee, which required surgeries to repair. (Dkt. No. 58 at 63-64, 102-03.)

### III. Standard of Review

Before entering final judgment, this court routinely reviews all report

---

[1] Notably, Hodges disputes that the x-ray did not reveal a tendon rupture, (Dkt. No. 61 at 20); however, he fails to point out any evidence that demonstrates the existence of an issue of fact regarding that assertion.

and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of the magistrate judge for clear error.[2] *See id.*

## IV. Discussion

Hodges objects to the R&R—which ultimately found that, even though Hodges was able to demonstrate that he had a serious medical condition, Northrup "did not act with deliberate indifference," (Dkt. No. 64 at 11)—in an argument that takes issue with no particular aspect of Judge Dancks' recommendation, (Dkt. No. 65). The thrust of Hodges' objections are merely a rehashing of his arguments in response to Northrup's motion. (*Compare* Dkt. No. 61 at 8-16, *with* Dkt. No. 65.) In particular, Hodges

---

[2] "[A] report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and affects substantial rights." *Almonte*, 2006 WL 149049, at *6.

claims that the seriousness of his injury, together with Northrup's knowledge that the pain medication prescribed was ineffective and her failure to "change or seek further testing and treatment" or follow up with another appointment, demonstrates that an issue of fact exists regarding Northrup's deliberate indifference. (Dkt. No. 65 at 3-4.) Because Hodges' objections do not point out specific shortcomings in the R&R, and, instead, merely regurgitate earlier-raised arguments, review for clear error is warranted. *See Almonte*, 2006 WL 149049, at *4, *6.

Having thoroughly reviewed the R&R, the court finds no clear error in Judge Dancks' recommendations on the pending motions, and adopts it in its entirety. Moreover, because the second amended complaint is dismissed by virtue of this court's adoption of the R&R, Hodges' request that the court "take jurisdiction over the state claim," (Dkt. No. 62), is denied as moot.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation and Order (Dkt. No. 64) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Northrup's motion for summary judgment (Dkt. No. 57) is **GRANTED**; and it is further

**ORDERED** that Hodges' second amended complaint (Dkt. No. 37) is **DISMISSED**; and it is further

**ORDERED** that Hodges' letter motion (Dkt. No. 62) is **DENIED** as moot; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

January 28, 2014
Albany, New York

_/s/ Gary L. Sharpe_
Gary L. Sharpe
Chief Judge
U.S. District Court